
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-15020 |
| Plaintiff - Appellee, | D.C. Nos. 1:10-cv-00275-ALA |
| v. | 1:02-cr-00547-ALA |
| KENNETH CHARLES McNEIL, a.k.a. Chip, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Ann L. Aiken, Chief Judge, Presiding**

Submitted February 18, 2014***

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Former federal prisoner Kenneth Charles McNeil appeals pro se from the

district court's order denying his petition for a writ of error coram nobis. We

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Ann L. Aiken, Chief United States District Judge for the District of Oregon, sitting by designation.

\*\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review the denial of a petition for a writ of error coram nobis de novo, *see United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007), and we affirm.

McNeil challenges his 2004 jury-trial conviction, alleging that the government introduced irrelevant evidence at trial, in violation of Federal Rule of Evidence 402 and due process, and that the government withheld its theory of the case, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The district court properly denied McNeil coram nobis relief because he has not demonstrated any valid reason for not attacking his conviction earlier or that any alleged error was "of the most fundamental character." *See id.* at 1006-07.

McNeil's contention that the district court abused its discretion by denying his request for an evidentiary hearing lacks merit. *See* 28 U.S.C. § 2255(b) (evidentiary hearing is not warranted when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"); *United States v. Taylor*, 648 F.2d 565, 573 n.25 (9th Cir. 1981) ("Whether a hearing is required on a coram nobis motion should be resolved in the same manner as habeas corpus petitions.").

**AFFIRMED.**